J-S55024-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KERRIE LEI GUIRLEO | : | |
| | : | |
| Appellant | : | No. 414 WDA 2019 |

Appeal from the PCRA Order Entered January 17, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001292-2015

BEFORE: MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    FILED JULY 30, 2020

Kerrie Lei Guirleo appeals from the denial of her petition for relief under
the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. This case
returns to us after we remanded for counsel to file either a proper
Turner/Finley brief or an advocate's brief.[1] In response, counsel filed an
Anders[2] brief and a petition to withdraw. We grant counsel's petition and
affirm the order of the PCRA court.

In August 2016, a jury found Guirleo guilty of persons not to possess,
use, manufacture, control, sell or transfer firearm.[3] The trial court sentenced

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988).

[2] Anders v. California, 386 U.S. 738 (1967).

[3] See 18 Pa.C.S.A. § 6105(a)(1).

Guirleo to three and a half to seven years' incarceration and we affirmed the judgment of sentence. Commonwealth v. Guirleo, No. 1334 WDA 2016, 2017 WL 2616007 (Pa.Super. filed June 16, 2017). Guirleo did not seek review with our Supreme Court.

In December 2018, Guirleo filed the instant PCRA petition claiming her petition was timely under the governmental interference and newly discovered fact time-bar exceptions. She alleged that her conviction for possessing a firearm was illegal because she had not been convicted of the predicate offense that the prosecution argued at trial, aggravated assault. Rather, the prosecution in the aggravated assault case had entered a nolle pros.

The PCRA court issued notice of its intent to dismiss the petition without a hearing and in January 2019, it dismissed it. See Pa.R.Crim.P. 907. Guirleo filed this timely appeal. Because she was unrepresented, we remanded for the PCRA court to hold a Grazier hearing.[4] The PCRA court appointed counsel who, when the case returned to this Court, filed an Anders brief. However, counsel's Anders brief was deficient and thus we remanded for counsel to "file either a petition to withdraw and a fully compliant Turner/Finley no-merit letter, or an advocate's brief[.]" Commonwealth v. Guirleo, 2020 WL 86566 at *1 (Pa.Super. filed January 6, 2020) (unpublished memorandum).

The case now returns to us as counsel has filed a new Anders brief and a petition to withdraw as counsel. As we explained in our prior memorandum,

_____

[4] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

- 2 -

the proper filing in this case would be a Turner/Finley letter, as counsel wishes to withdraw in an appeal from the denial of PCRA relief. See Guirleo, 2020 WL 86566, at *1 (citing Commonwealth v. Widgins, 29 A.3d 816, 817 n.2 (Pa.Super. 2011)). Nonetheless, "[b]ecause an Anders brief provides greater protection to a defendant, this Court may accept an Anders brief in lieu of a Turner/Finley letter." Widgins, 29 A.3d at 817. We thus will analyze whether counsel's brief meets the standards of Turner/Finley.

A Turner/Finley brief must: (1) detail the nature and extent of counsel's review; (2) list each issue the petitioner wished to have reviewed; and (3) an explanation of why the petitioner's issues were meritless. Commonwealth v. Pitts, 981 A.2d 875, 876 n.1 (Pa. 2009). "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel." Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa.Super. 2007). If counsel has met the above requirements, we then conduct an independent review of the petitioner's issues to determine if they are in fact meritless. Commonwealth v. Muzzy, 141 A.3d 509, 511 (Pa.Super. 2016). If we conclude that the claims are meritless, we then grant counsel's petition to withdraw. Id.

Here, counsel has complied with the requirement of Turner/Finley. He details the nature and extent of his review, including "a thorough review and conscientious examination of the record, . . . a review of the official file, a reading of the Notice of Appeal, [and] research and review of the applicable

case law and statutes[.]" Anders Br. at 6. Counsel also lists all the issues Guirleo wishes to have reviewed and provides a statement advising Guirleo of her right to proceed pro se or to retain counsel. Having satisfied the procedural requirements of Turner/Finley, we now conduct an independent review of the issues counsel has identified.

Counsel raises the following issues in his Anders brief:

I.      Whether the fact that [Guirleo's] charge of aggravated assault in case No. 762 of 1998 was nolle prossed permits her to carry a firearm and thereby qualified for the newly discovered evidence exception?

II.     Whether the public defender's office failure to meet with [Guirleo] prior to trial and failure to spend sufficient time preparing for the case for trial qualified for the newly discovered evidence exception?

III.    Whether the trial court's denial of [Guirleo's] request for discover and motion for transcripts and documents constitutes interference by government officials preventing [Guirleo] from filing her PCRA petition within the one year time limitation?

IV.     Whether the Fayette County District Attorney's Office failure to provide [Guirleo] in discovery a transcript of her prior record constitutes interference by government officials preventing [Guirleo] from filing her PCRA petition within the one year time limitation?

Anders Br. at 2.

Because we conclude that Guirleo's PCRA petition was untimely, we do not address these issues on the merits. The PCRA's time-bar is jurisdictional, and "Pennsylvania courts may not entertain untimely PCRA petitions." Commonwealth v. Edmiston, 65 A.3d 339, 346 (Pa. 2013).

A petitioner has one year from the date the judgment of sentence becomes final to file a PCRA petition, unless an exception applies. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Id. at § 9545(b)(3). Should a petitioner file a petition beyond the one-year time bar, she must plead and prove at least one of the time-bar exceptions. These exceptions are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Id. at § 9545(b)(1)(i)-(iii). The petitioner must raise the claim within one year from the time the claim could have been raised. See id. at § 9545(b)(2).

Here, Guirleo's judgment of sentence became final on July 17, 2017, as the 30-day deadline to file a petition to appeal with our Supreme Court fell on a Sunday. See Pa.R.A.P. 1113(a); 1 Pa.C.S.A. § 1908. Thus, she had until July 17, 2018, to file a timely PCRA petition. The instant petition filed in

December 2018 is facially untimely. As such, Guirleo bore the burden of pleading and proving at least one of the time-bar exceptions. See Commonwealth v. Smith, 121 A.3d 1049, 1054 (Pa.Super. 2015).

In her petition, Guirleo alleged the governmental interference and newly discovered fact exceptions. Regarding the governmental interference exception, she alleged the following:

> 1) Exhibits included in which the judge denied discovery and transcripts in order to complete this PCRA; finally obtaining information directly from Ms. Snyder.
>
> 2) Miscarriage of justice/ actual innocence, [Guirleo] never convicted in previous case prosecutor informing jury about.

PCRA Petition, at 3 (unnecessary capitalization removed). For the newly discovered fact exception, she alleged the following:

> 1) The government was withholding exculpatory evidence in which could have proved by innocence. Due to my attorney's ineffectiveness in requesting it, I was convicted.
>
> 2) Serial ineffectiveness
>
> 3) Counsel never proffered plea bargain in which proves ineffectiveness.

Id. (unnecessary capitalization removed).

In order to satisfy the governmental interference exception, the petitioner must plead and prove "the failure to previously raise the claim was the result of interference by governmental officials, and the information could not have been obtained earlier with the exercise of due diligence."

Commonwealth v. Abu-Jamal, 941 A.2d 1263, 1268 (Pa. 2008). The newly discovered fact exception requires the petitioner to plead and prove that "the facts upon with the claim was predicated were unknown" and "could not have been ascertained by the exercise of due diligence." Commonwealth v. Bennett, 930 A.2d 1264, 1272 (Pa. 2007) (quoting 42 Pa.C.S.A. § 9545(b)(1)(ii)) (emphasis omitted). Due diligence "'does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort' to obtain the information upon which a claim is based." Commonwealth v. Cox, 146 A.3d 221, 230 (Pa. 2016) (quoting Commonwealth v. Edmiston, 65 A.3d 339, 348 (Pa. 2013)).

Here, Guirleo fails to plead sufficient facts to establish either exception. Guirleo fails to explain why she could not, with due diligence, have learned sooner that she allegedly was not convicted of the predicate crime of aggravated assault. Her ineffectiveness claims are not "facts" for purposes of the newly discovered fact exception. Having failed to plead and prove any time-bar exception, we affirm the order dismissing her PCRA petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/2020

- 7 -